UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**OCT 29 2007**

CRIMINAL NO. 3:07CR111-C

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER AND** |
| v. ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| MICHAEL A. NAPIER, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c):

   (a) all funds in Woodforest National Bank accounts no. xxxxxx0015 in the name of Napier Fitness; xxxxxx1122 in the name of Michael Napier; and xxxxxx8755 in the name of Tina Napier, seized on or about October 18, 2006, at Woodforest National Bank, The Woodlands, Texas;

   (b) one 2005 Hummer H2 sport utility vehicle, VIN 5GRN23U65H102372, black in color, seized on or about October 3, 2006, in Charlotte, North Carolina;

   (c) one 2007 Chevrolet Suburban sport utility vehicle, VIN 3GNFC16047G14 9491, black in color, seized on or about October 3, 2006, in Charlotte, North Carolina;

   (d) one 2004 Jaguar automobile, white in color, VIN SAJEA71C64SG01044, seized on or about September 7, 2006, in Charlotte, North Carolina;

   (e) $4085 received by the ticket office of the Charlotte Bobcats professional basketball team as a down payment for season tickets and seized on or about December 7, 2006, in Charlotte, North Carolina;

   (f) one two-carat diamond ear ring set seized on or about October 3, 2006, in Charlotte, North Carolina;

(g) fitness and gym equipment seized on or about July 3, 2007, including treadmills, weight machines, Body Masters CX machines, smith machines, and elliptical machines, previously stored in Portable On Demand Storage Units (PODS) at 7171 Stinson Hartis Road, Indian Trail, North Carolina; and,

(h) a monetary judgment in the amount of $573,696.71, which sum represents proceeds obtained, directly or indirectly, from violation(s) of 18 U.S.C. §1344;

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. a forfeiture money judgment in the amount of $573,696.71 shall be included in the sentence of the defendant, and the United States Department of Justice may take steps to collect the judgment from any property of the defendant in accordance with the substitute asset provisions of 21 U.S.C. § 853(p);

4. upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

5. any person, other than the defendant and Tina Napier (as provided below), asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

6. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

7. Tina Napier's consent to this order and judgment, as indicated by her signature below, shall constitute her waiver of any further notice and her release of any interest in the assets listed above To the extent permitted by law, defendant and Tina Napier consent to forfeiture of those assets, either in this criminal case or in the related civil forfeiture case, No. 3:07CV119-RJC (including entry of default and default judgment of forfeiture in the civil case), or both.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of

the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
William A. Brafford
Assistant United States Attorney

_____
Michael A. Napier
Defendant

_____
Lyle Yurko
Attorney for Defendant

_____
Tina Napier

_____
Claire J. Rauscher
Attorney for Tina Napier

Signed this the 29Th day of October, 2007.

_____
UNITED STATES District JUDGE

3